KIPFER *v.* KIPFER, EXECUTOR, ET AL.

[No. 26,989. Filed February 1, 1938.]

*Roscoe L. Egger*, and *John W. Kitch*, for appellant.

*Lauer & Dexter*, for appellee.

TREMAIN, J.—This was an action in the lower court by the appellant against the appellees in which he asked the court to render a declaratory judgment upon certain contracts set out in the complaint. It is averred that the appellant entered into a written contract with his father and mother, Frederick and Mary Kipfer, October 12, 1922, whereby the father and mother agreed to convey certain land to him upon the payment of $21,000, $4,500 of which was paid at the time; provision was made for the payment of the remainder in installments; deferred payments were to bear interest at four per cent per annum, payable monthly. The contract provided that upon full payment of the purchase price, the real estate was to be conveyed to appellant by warranty deed.

It was alleged that the original contract was amended by another written contract dated January 28, 1932, wherein it was recited that certain other children of Frederick and Mary Kipfer were indebted to him in named sums; that in order to protect the appellant it was agreed that the indebtedness of the other children should be taken into account upon final settlement, and the amount to be paid by appellant should be determined by an appraisement of the real estate at the time of final settlement. Adjustment was made of the indebtedness of the other children.

The complaint further set out an addenda contract, dated January 19, 1934, which modified the original contract and recited that a misunderstanding had arisen

concerning the meaning of that contract, and that the parties had made a compromise settlement of their differences; that the appellant was to remain in possession of said real estate until the 1st day of December, 1934, and in consideration therefor was to pay certain delinquent taxes, a ditch assessment, and taxes due in 1934. It was further agreed that if appellant did not make such payments, he would surrender peaceable possession of the premises on December 1, 1934.

It is alleged that Frederick Kipfer died testate October 24, 1934; that his wife died during that year; that Frederick Kipfer's will was duly probated, and George W. Kipfer qualified as executor and proceeded with the administration of the estate.

The complaint further alleged "that a real controversy has arisen out of opposing contentions of the plaintiff and defendants herein, in this: Plaintiff contends that the three contracts above set out herein should be construed as one . . . defendants contend that each contract should be construed separately . . . that the rights of this plaintiff, under the terms of the contract dated the 28th day of January, 1932, are so doubtful, due to the ambiguity of the same, that the true intent of the parties thereto cannot be definitely established." The court was asked to render a judgment declaring the rights and liabilities of the parties thereto.

To this complaint the defendants filed an answer in six paragraphs. The first was a general denial; the second paragraph of answer was directed especially to the contract dated January 28, 1932, and was a verified answer of *non est factum,* in which the signatures of the decedents, Frederick and Mary Kipfer, to that instrument were denied; the others pleaded no consideration and estoppel. A reply in general denial was filed to the affirmative answers. The cause was submitted to the court for trial. The court entered a finding and judgment in favor of the defendants as follows:

"The Court having had this cause under advisement now finds against the plaintiff, and the court further finds for defendants on defendants' second paragraph of Answer that plaintiff take nothing under his complaint; that costs taxed at $............ be paid by plaintiff."

Judgment was entered accordingly.

The appellant filed a motion for a new trial, which was overruled, reserved exceptions, and perfected this appeal. Appellant offered no evidence and assigned no error upon the issue presented by the complaint. The sole and only issue tried in the lower court was the genuineness of the signatures of Frederick and Mary Kipfer to the contract dated January 28, 1932. Appellant's points and authorities go to that question solely.

Admittedly genuine or proved signatures of Frederick Kipfer were introduced in evidence for the purpose of comparison, and from these signatures competent witnesses testified that the signature to the contract dated January 28, 1932, was not that of Frederick Kipfer.

One question presented by appellant is based on the exclusion of the testimony offered by his witness, Clara Loppe, when she was not permitted to answer the question: "And whose signature is that?"

It appears that this witness was an employee in a bank where Frederick Kipfer kept his account; that she was being examined at that time concerning Frederick Kipfer's signature kept in the files of the bank for the purpose of comparison. She stated that she did not see him sign his name in person and could not say that he did sign it. The instrument about which she was offering testimony was not an admittedly genuine or proved signature. The court did not err in refusing to permit the question to be answered. She was asked further questions of the same nature concerning the file.

The appellant predicates another point upon the

alleged error of the court in admitting Exhibit A, offered by the appellees. This exhibit was a mortgage which contained admittedly genuine or proved signatures of the decedent. It was offered for no other purpose. Objection to the exhibit is without merit.

Appellant objects to the ruling of the court in permitting one of the appellees' witnesses to testify as to Frederick Kipfer's defective eyes. This was a collateral matter and could not have harmed appellant.

The foregoing are the sole and only questions discussed by appellant under the propositions, points and authorities. He has wholly failed to show error in the lower court.

Judgment affirmed.